ADVANTAGE HOME HEALTH CARE, INC., Appellant–Defendant,

v.

INDIANA STATE DEPARTMENT OF HEALTH and Indiana State Health Commissioner, Appellees–Plaintiffs.

No. 18A02–0211–CV–928.

Court of Appeals of Indiana.

Aug. 6, 2003.

Virginia Wright Caudill, Robert W. Markette, Jr., Gilliland & Caudill, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

We are called upon today to determine whether certain directives issued by our State Department of Health to a health care agency constituted an "order" within the meaning of the Administrative Orders and Procedures Act (AOPA), thereby affording that institution a right to review under the AOPA. Appellant-defendant Advantage Home Health Care, Inc. (Advantage), a home health care agency located in Muncie, appeals the trial court's grant of summary judgment in favor of the Indiana State Department of Health and the Indiana State Health Commissioner (collectively, the ISDH), claiming entitlement to a hearing under the AOPA after a number of violations were found by the ISDH. Specifically, Advantage asserts that the administrative review process was triggered in these circumstances because the statutory definition of an "order" under the AOPA was satisfied. Concluding that a "Statement of Deficiencies" issued by the ISDH against Advantage along with a "Letter of Correction" effectively established Advantage's rights and obligations as to its continued operation in the State and were orders under the AOPA, we reverse the trial court's judgment and remand with instructions that the ISDH permit a review of its decision in accordance with the AOPA.

## FACTS

Advantage is a home health agency licensed by the State under the ISDH and is certified to participate as a health provider under the federal Medicare program. More specifically, Advantage provides both skilled and unskilled health care services to individuals in their homes, including nursing and daily living assistance. The ISDH regulates the state-licensed home health care agencies and periodically conducts investigations or "surveys" of the various agencies. ISDH employees perform such annual surveys to determine whether an agency is in compliance with the applicable rules and regulations. However, if a complaint is filed against an agency, an additional survey is performed.

The ISDH also conducts federal surveys on behalf of the Centers of Medicaid and Medicare Services to check the provider's compliance with federal law. Because Advantage is a certified provider, it receives funds through both of these federal programs, as long as it complies with the standards known as the "conditions of participation." Appellant's App. p. 747. Such conditions govern the standard of care to patients as well as many facets of the day-to-day operation of the health agency.

Once a survey is completed, the investigator generates a written report setting forth various findings that include a determination of the facts and the particular violations that were committed. Those reports are then documented on a "Statement of Deficiencies and Plan of Correction" form that is sent to ISDH's main office, where it is forwarded to the home health care agency. Thereafter, the ISDH issues a Letter of Correction with each Statement of Deficiency, regardless of whether those deficiencies involve state or federal violations. The Letter of Correction outlines the violations found and requires the submission of a plan of correction by the violating agency within ten days. The Statement of Deficiencies is

published by the ISDH on an internet website under a "report card" section intended for use by health care consumers. Appellant's App. p. 586.

On April 25, 2001, the ISDH completed state and federal surveys of Advantage in response to complaints that had been lodged against the agency. This particular investigation was triggered by a complaint that the ISDH received regarding one of Advantage's nurses, who allegedly struck a special needs child in the mouth. In the end, the State survey identified three violations of the Indiana home health rules and nearly twenty-six federal violations. As a result, the ISDH determined that Advantage was prohibited from providing a home health training program for two years beginning April 25, 2001, through April 25, 2003. The ISDH then requested that Advantage submit a plan of correction to address the particular violations. The ISDH also determined that Advantage could contest the deficiencies by way of its informal dispute resolution process.

In response, Advantage requested a formal administrative review of the surveys and a stay of the ISDH determination. The ISDH sent Advantage a letter dated June 8, 2001, indicating that its surveys did not constitute orders that were subject to judicial review under the AOPA. ISDH indicated, however, that if Advantage sought reconsideration of its decision by an Administrative Law Judge (ALJ), it should file a petition requesting such a review. The ISDH's letter went on to note that Advantage was obligated to file its petition for reconsideration with the Department of Health by June 26, 2001. Finally, the letter explained that the ALJ assigned to the case would conduct a preliminary hearing as to whether the survey could be reviewed under the AOPA.

On August 23, 2001, Advantage requested that the ISDH conduct an internal "pa-per review" of both the federal and state surveys. That review was conducted, and the ISDH issued revised surveys on October 22, 2001. Thereafter, Advantage sought a face-to-face review of the federal survey and that procedure was scheduled for January 17, 2002. At the same time, the ISDH and Advantage representatives discussed how Advantage might continue to provide home health aide training and competency evaluations during the two-year period of suspension that had been imposed upon it without violating either federal or state law. The face-to-face review took place as scheduled, and the ISDH issued yet another revised federal survey. However, it was still determined that Advantage could not provide any training, thus compelling it to retain individuals not associated with Advantage to perform these functions.

On September 25, 2001, Advantage filed a complaint for a Declaratory Judgment, requesting the trial court to determine as a matter of law that the Statement of Deficiencies issued to it by the ISDH were subject to review under the AOPA. In essence, Advantage urged that the Statement of Deficiencies qualified as orders under the AOPA. Advantage also sought an order from the trial court declaring that the issuance of the Statements of Deficiency triggered due process concerns, given the various legal ramifications, automatic penalties, and Internet publication of the ISDH surveys.

In response, the ISDH filed a motion for summary judgment, asserting that it was entitled to a judgment as a matter of law because its actions were exempt from the procedures set forth under the AOPA. The ISDH contended that the surveys it conducted constituted only non-adversary investigative actions. Moreover, the ISDH asserted that the surveys only documented findings of its investigations and did not

determine any of Advantage's legal rights or obligations. Advantage then filed a cross motion for summary judgment on July 22, 2002, asserting that the ISDH's determinations with respect to the violations constituted orders under the AOPA and that the surveys determined compliance status under state and federal law. Advantage also contended that it was entitled to relief under the AOPA, given the imposition of penalties and the Internet publication of the ISDH's surveys. Following a hearing on the motions, the trial court granted the ISDH's motion for summary judgment on October 4, 2002, and Advantage now appeals.

## DISCUSSION AND DECISION

### I. Standard Of Review

■ Advantage's allegations of error are premised on the legal conclusions drawn by the trial court that applied the standards it set forth in its conclusions of law. Therefore, this court conducts a de novo review of the legal standards applied by the trial court in its conclusions of law. *AmRhein v. Eden,* 779 N.E.2d 1197, 1206 (Ind.Ct.App.2002). This court owes no deference to the trial court when we find it has applied the wrong legal standard to properly found facts. *Carmichael v. Siegel,* 754 N.E.2d 619, 625 (Ind.Ct.App.2001).

### II. Advantage's Claims

■ Advantage initially contends that the determination made by the ISDH was subject to review under the AOPA. Specifically, it argues that the Statement of Deficiencies and the accompanying Letter of Correction issued by the ISDH qualify as an "order" within the meaning of the AOPA.

In resolving this issue, we note that the AOPA provides for the review of an agency action that either determines the rights, duties, privileges or other legal interests of an agency or determines statutes. Ind. Code § 4–21.5–1–9, and –6. The purpose of the AOPA is to provide parties subject to administrative action a minimum level of procedural rights to protect them from abuses by administrative agencies. Ind. Code § 4–21.5–2–1. The AOPA requires an administrative agency to provide notice of actions it takes or orders it issues, as well as independent review of those actions or orders for individuals subject to them. I.C. § 4–21.5–1–9. An order, as specifically defined under the AOPA, is "an agency action of particular applicability that determines the legal rights, duties, privileges, immunities or other legal interests of one or more persons." I.C. § 4–21.5–1–9.

In the instant case, Advantage was required to provide the ISDH with its plan of correction after the "Statement of Deficiencies" was issued. That approved plan of correction works as a "prerequisite to continued program participation." Appellant's App. p. 430. Under these circumstances, it is apparent that Advantage had the affirmative duty to respond within a certain period of time and in a certain required manner. Contrary to the argument advanced by the ISDH, Advantage did not have the discretion to treat the ISDH's report and letter as merely informational. Instead, Advantage was required by the ISDH to take corrective action.

We reject the argument ISDH presented at the summary judgment hearing that Advantage was simply free to ignore the Statement of Deficiencies and not submit a plan of correction. Appellant's App. p. 793–94. The ISDH further stated, however, that if administrative review was desired, Advantage could disregard the letter of correction and Statement of Deficiencies. The ISDH would then move against

the agency's license that would then permit access to administrative review.

It is apparent to us that the ISDH, however, cannot have it both ways. When our legislature granted the ISDH the authority to issue letters of correction and pursue other enforcement actions for violation by health care agencies, it specifically indicated that any ISDH action taken pursuant to that grant of authority was subject to the AOPA. Ind.Code § 16–27–1–12(c). As a result, we conclude that Advantage was entitled to a review of the ISDH's determination in accordance with the provisions of the AOPA.

### C. Exemption from the AOPA

In a related argument, Advantage challenges the trial court's determination that the ISDH was merely conducting an investigation in these circumstances and was, therefore, exempt from review under the AOPA.

We note that the ISDH is correct in its contentions that not all agency actions are subject to the provisions of the AOPA. Quoting from Ind.Code § 4–21.5–2–5:

> This article does not apply to any of the following agency actions: (9) A decision to initiate or not initiate an inspection, investigation, or other similar inquiry that will be conducted by the agency, another agency, a political subdivision, including a prosecuting attorney, a court other person. (10) A decision concerning the conduct of an inspection, investigation or other similar inquiry by an agency.

In these circumstances, while the completed survey process involves an investigation, it does not automatically follow that every facet of the process should be lumped under the exemptions. The survey report that is ultimately issued by the ISDH constitutes the result that is reflective of the investigation's findings. Here, the survey process has concluded and the ISDH has made it clear that its enforcement phase has begun, following the issuance of the Statement of Deficiencies and letter of correction. In essence, challenging the results of an investigation is not tantamount to challenging the investigation itself. That said, it is apparent to us that the Statement of Deficiencies and its accompanying letter of Correction issued by the ISDH is separate from an investigation or an initial "fact-gathering" process. Although each and every factual finding and conclusion made in the survey report might not be subject to review, portions of the Statement and Letter are reviewable. Therefore, it cannot be said that the circumstances presented here warranted an exception to the AOPA procedures. Therefore, summary judgment for the ISDH may not stand.

### CONCLUSION

In light of our discussion above, we conclude that the ISDH's "Statement of Deficiencies" and the accompanying "Letter of Correction" lodged against Advantage constituted orders under the AOPA and are therefore subject to administrative review under the statute. We further note that the ISDH has failed to make any showing that its actions toward Advantage were exempt from review procedures under the AOPA. Thus, we reverse the entry of summary judgment in favor of the ISDH and remand this cause to the trial court with instructions that it allow for a review of the ISDH's orders against Advantage in accordance with the AOPA.

Reversed and remanded.

DARDEN, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

To the extent that the Letter of Correction requires the home health care agency to submit a plan of correction within 10 days of the date of the Letter of Correction, it is an *order*. Furthermore, to the extent that the Letter of Correction prohibited, for a period of two years, the agency from providing training to its staff, it is an *order*.

Although the Statement of Deficiencies, in and of itself, may only be a statement of factual findings concerning the precise deficiencies perceived by the ISDH surveyor, it is a prerequisite to the issuance of a Letter of Correction. It is the latter, rather than the Statement of Deficiencies itself, which constitutes, at least in part, an *order*.

This conclusion on my part, however, may be of little practical assistance to Advantage because the agency's plan of correction, as to the correction of state deficiencies, does not result in any adverse impact upon its "legal rights, duties, privileges, immunities or other legal interests." I.C. § 4–21.5–1–9. The agency's plan of correction is merely placed in the ISDH file and held for a period of three years to serve as a basis for monitoring the agency's continuing compliance.

The federal aspect of the Statement of Deficiencies and the accompanying Letter of Correction is quite a different matter. It carries with it an immediate adverse impact in that it precludes the agency from providing training to its staff and employees. This very much affects the rights, duties, privileges, and immunities of the health care agency.

The argument presented by ISDH that the appropriate recourse for Advantage is to refuse to submit the Plan of Correction is disingenuous at best. ISDH would have the agency await a revocation of the health care license and only then obtain review pursuant to AOPA. Such an illogical imposition with its attendant consequences cannot be what our General Assembly or our concept of due process contemplates.

Although each and every factual finding and conclusion made in the survey report may not be subject to review scrutiny, portions of the Statement of Deficiencies and accompanying Letter of Correction must certainly be subject to such review.

For these reasons, I concur in the reversal of the Summary Judgment and in the remand for further proceedings.